**UNITED STATES of America,**

v.

**Richard WEED, Defendant.**

**Criminal No. 14–cr–10348–DPW.**

United States District Court,
D. Massachusetts.

Signed April 14, 2015.

---

Eric A. Forni, Sarah E. Walters, United States Attorney's Office, Boston, MA, for United States of America.

J.W. Carney, Jr., Samir Zaganjori, J.W. Carney, Jr. & Associates, Boston, MA, for Defendant.

### *MEMORANDUM OF DECISION AND ORDER ON GOVERNMENT'S MOTION FOR AN ORDER AS TO THE APPLICABILITY OF THE CRIME FRAUD EXCEPTION*

DEIN, United States Magistrate Judge.

## I. *INTRODUCTION*

The defendant, Richard Weed, is charged in an Indictment with conspiracy in violation of 18 U.S.C. § 371, securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff, and nine counts of wire fraud in violation of 18 U.S.C. § 1343. The Indictment charges Weed with conspiring with co-conspirators 1 and 2 ("CC–1" and "CC–

2") to manipulate the value of stock in various publicly traded companies. This matter is before the court on the Government's Motion for an Order as to the Applicability of the Crime Fraud Exception (Docket No. 31). By this motion, the government is seeking an order that the crime fraud exception to the attorney-client privilege applies to documents it received from CC–1, which reflect communications among the defendant, who is an attorney, CC–1 and CC–2, both of whom have waived the attorney-client privilege, and a third person, Individual A, who has not been approached by the Government and has not waived any potential claim of privilege. According to the co-conspirators, these communications relate to the manipulation of the shares of Company A, an entity which is not identified in the Indictment. The Government is seeking permission to review and produce these documents to the defendant. By its motion, the Government is also seeking leave to proceed without giving notice to Individual A.

After careful consideration of the parties' written submissions [1] and oral argument, this court finds that the Government has established "that there is a reasonable basis to believe that the lawyer's services were used by the client[s] to foster a crime or fraud." *In re Grand Jury Proceedings*, 417 F.3d 18, 23 (1st Cir.2005). Specifically, I find that the Government has made a *prima facie* showing (1) that the clients were "engaged in (or [were] planning) criminal or fraudulent activity when the attorney-client communications took place; *and* (2) that the communications were intended by the client[s] to facilitate or conceal the criminal or fraudulent activity." *In re Grand Jury Proceedings (Gregory P. Violette)*, 183 F.3d 71, 75 (1st Cir.1999).

Therefore, the crime-fraud exception applies, and the Government's motion (Docket No. 31) is ALLOWED. Moreover, I find that the Government may proceed without giving notice to Individual A. *See id.* at 79.

## II. *STATEMENT OF FACTS*

The Government has submitted evidence to the effect that CC–1 and CC–2 have admitted to engaging the legal services of the defendant for the purpose of facilitating criminal activity in the form of manipulating the value of shares of stock in CitySide Tickets, Inc., as alleged in the Indictment. The co-conspirators have pleaded guilty to charges arising out of the so-called "CitySide Scheme." In addition, CC–1 and CC–2 have waived any attorney-client privilege with respect to communications regarding the CitySide Scheme, and those documents have been produced to the defendant.

The co-conspirators have also admitted to engaging the legal services of the defendant for the purpose of a similar scheme relating to Company A, which is not referenced in the Indictment. CC–1 and CC–2 have waived any attorney-client privilege with respect to communications regarding this scheme as well. However, this scheme also allegedly included Individual A, who participated in the attorney-client communications with the defendant. CC–1 and CC–2 have attested that they, along with Individual A, engaged the defendant to facilitate or conceal their fraudulent activity in connection with Company A. The Government has not approached Individual A or sought his/her cooperation or waiver of the attorney-client privilege.

Additional facts will be provided below where appropriate.

1. While some materials were filed *ex parte* and/or under seal, this memorandum of deci-

sion will cite only to the pleadings which are public and accessible to all parties.

## III. ANALYSIS

### A. The Crime–Fraud Exception

■ Under usual circumstances, attorneys' confidential communications with their clients are protected by the attorney-client privilege. "Familiarly, the attorney-client privilege—somewhat simplified—is a privilege of a client to refuse to testify or to have his counsel testify as to confidential communications between the two made in connection with the rendering of legal representation." *In re Grand Jury Proceedings*, 417 F.3d at 21. "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981) (internal citations omitted).

■ Despite the importance of the attorney-client privilege, it is not inviolate. The crime-fraud exception to the privilege "ensures that the attorney-client privilege will not extend to communications made for the purpose of getting advice for the commission of a fraud or crime. Thus, the attorney-client privilege is forfeited *inter alia* where the client sought the services of the lawyer to enable or aid the client to commit what the client knew or reasonably should have known to be a crime or fraud." *In re Grand Jury Proceedings (Gregory P. Violette)*, 183 F.3d at 75 (internal quotations and citations omitted). Accordingly, under the crime-fraud exception, communications between an attorney and his client which would ordinarily be privileged, are not entitled to such protection. *In re Grand Jury Proceedings*, 417 F.3d at 22.

■ For the crime-fraud exception to apply, the party invoking it must make a prima facie showing first, that the client was engaged in (or was planning) criminal or fraudulent activity at the time of the attorney-client communications, and, second, that the client intended that the communications would facilitate or conceal the wrongful activity. *In re Grand Jury Proceedings (Gregory P. Violette)*, 183 F.3d at 75. *See also United States v. Albertelli*, 687 F.3d 439, 450 (1st Cir.2012). "[I]t is enough to overcome the privilege that there is a reasonable basis to believe that the lawyer's services were used by the client to foster a crime or fraud." *In re Grand Jury Proceedings*, 417 F.3d at 23. This standard allows the privilege to be pierced "on something less than a mathematical (more likely than not) probability that the client intended to use the attorney in furtherance of a crime or fraud." *Id.* *See also United States v. Schussel*, 291 Fed.Appx. 336, 346 (1st Cir.2008) (unpub. op.) ("The required level of proof to pierce the privilege under the crime-fraud exception is limited to the issue of whether reasonable cause adequate to pierce the privilege exists.").

■ To meet the first prong of this test, the party challenging the privilege must present "a prima facie showing of evidence that, if believed by the trier of fact, would establish the elements of some violation that was ongoing or about to be committed. Prong two may be satisfied with a showing of a close relationship between the attorney-client communications and the possible criminal or fraudulent activity." *In re Grand Jury Proceedings # 5*, 401 F.3d 247, 251 (4th Cir.2005) (internal citations omitted). The exception is not dependent on the intent of the attor-

ney. Rather, the crime-fraud exception focuses on an assessment whether the client (not the attorney) engaged "in criminal or fraudulent activity and the *client's* intent with respect to attorney-client communications." *In re Grand Jury Proceedings,* 417 F.3d at 23 (emphasis in the original). The assessment is preliminary and reflects no finding that the client acted wrongfully. *Id.* at 24.

 Finally, there is no obligation that the holder of the privilege be advised of the application of the crime-fraud exception. Rather, the government may proffer *ex parte* the evidence on which it relies to establish the applicability of the crime-fraud exception, and "the court may weigh that evidence, gauge its adequacy, and rule on the claim without affording the putative privilege-holder a right to see the evidence proffered or an opportunity to rebut it." *In re Grand Jury Proceedings (Gregory P. Violette),* 183 F.3d at 79 (target of investigation denied access to privileged communications with psychotherapist that had been produced to grand jury pursuant to the crime-fraud exception to privilege). *See also In re Grand Jury Subpoena,* 223 F.3d 213, 218–19 (3d Cir.2000) (and cases cited).

### B. *The Government Has Met Its Burden Of Proof*

 The information provided in the instant case, including statements made by the co–conspirators and the fact that they plead guilty to charges stemming from the alleged stock manipulation schemes, is more than sufficient to present a prima facie case "that the client was engaged in or was planning the criminal or fraudulent conduct when it sought the assistance of counsel. . . ." *In re Grand Jury Subpoenas, Intervenor v. United States,* 144 F.3d 653, 660 (10th Cir.1998). *See also United States v. Rakes,* 136 F.3d 1, 4

(1st Cir.1998) ("the attorney-client privilege is forfeited *inter alia* where the client sought the services of the lawyer to enable or aid the client to commit what the client knew or reasonably should have known to be a crime or fraud."). Similarly, the evidence from CC–1 and CC–2 is sufficient to meet the Government's burden of showing that the attorney's legal expertise and advice was used in furtherance of the illegal scheme. The evidence before this court is that the defendant's conduct in connection with the scheme involving Company A was consistent with his involvement with the schemes for which he was indicted, including drafting documents and providing legal advice. Thus, the lawyer's services were used "to enable or aid the client to commit what the client knew or reasonably should have known to be a crime or fraud." *In re Grand Jury Proceedings (Gregory P. Violette),* 183 F.3d at 75.

Moreover, I find that notice to Individual A is not appropriate in this case. The Government has submitted persuasive evidence to this court that the disclosure to Individual A of information submitted under seal in connection with the Government's claim that the crime-fraud exception applies may compromise ongoing investigations.

## IV. CONCLUSION

For all the reasons detailed herein, the "Government's Motion for an Order as to the Applicability of the Crime Fraud Exception" (Docket No. 31) is ALLOWED. The crime-fraud exception to the attorney-client privilege applies to the communications among the defendant, CC–1, CC–2 and/or Individual A relating to Company A. The Government may review and then produce these documents to the defendant, if they are otherwise subject to production.

The Government may proceed without notice to Individual A.